**LEWIS & CLARK LOW INCOME TAXPAYER CLINIC**
Sarah Lora, OSB 042329
sarahlora@lclark.edu
333 S.W. 5th Ave. Suite 400
Portland, Oregon 97204
Telephone: 503-768-6500
Fax: 503-768-6540

**ELEMENTAL LAW LLC**
Hope Del Carlo, OSB 002410
hope@elemental.law
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **BRANDON A. MCFARLAND,** <br>             Plaintiff, <br><br> v. <br><br> **MONEY NETWORK FINANCIAL, LLC, FISERV, INC., and PATHWARD, NATIONAL ASSOCIATION,** <br><br>             Defendants. | Case No.:  2:26-CV-1429 <br><br> COMPLAINT <br><br> Violations of Electronic Fund Transfers Act, 15 U.S.C. §§ 1693, *et seq*.; Violations of Oregon Unlawful Trade Practices Act; <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Brandon Anthony McFarland ("Plaintiff"), by and through the undersigned

counsel, hereby files this action against Defendants Money Network Financial, LLC ("Money

Network"), Fiserv, Inc. ("Fiserv"), and Pathward, National Association ("Pathward").

## **THE PARTIES**

COMPLAINT – Page 1

1.      Plaintiff Brandon McFarland is a natural person and an adult in custody at Two Rivers Correctional Institute in Umatilla, Oregon.

2.      Defendant Money Network is an entity that is not registered to do business in the state of Oregon. Upon information and belief, Money Network is an assumed business name of Pathward.

3.      Defendant Fiserv is an entity that is not registered to do business in the state of Oregon. Upon information and belief, Fiserv is an assumed business name of Pathward.

4.      Defendant Pathward, National Association, is a federally-chartered national banking association headquartered in Sioux Falls, South Dakota.

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction over the subject matter of this action in accord with the Electronic Fund Transfers Act, 15 U.S.C. § §1693m(g).

6.      This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

7.      This Court has specific personal jurisdiction over the Defendants because the Defendants have availed themselves of the benefits and protection of Oregon law and conduct a substantial amount of business in the State of Oregon, such that exercise of personal jurisdiction over them is reasonable and accords them due process.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Oregon.

## FACTUAL ALLEGATIONS

9.      During the COVID-19 pandemic, Congress enacted laws to provide financial relief from the U.S. Treasury Department to eligible individuals called Economic Impact

COMPLAINT – Page 2

Payments ("EIPs"). Congress structured EIPs as advance tax refunds in the Internal Revenue Code. The EIP program is administered by the United States Treasury Department, the Bureau of Fiscal Services, and the Internal Revenue Service, (herein referred to collectively as "the Government").

10.     The first EIP was made in 2020 prior to the events that gave rise to this action. The second EIP was for $600 per individual. I.R.C. § 6428A. The third EIP was for $1400 per individual. I.R.C. § 6428B.

11.     Unbeknownst to Plaintiff and without his consent, the Government authorized Defendants to issue Plaintiff his second and third EIPs via prepaid debit cards.

12.     Unbeknownst to Plaintiff and without his consent, Defendants attempted to mail to Plaintiff a prepaid debit card with his second EIP on January 18, 2021, and a prepaid debit card with his third EIP on April 5, 2021.

13.     Plaintiff was in continuous custody of the Lane County Jail and the Oregon Department of Corrections from December 4, 2019 to June 22, 2022. He is also now incarcerated and has been since July 18, 2023.

14.     Plaintiff never received the prepaid debit cards and had no way of knowing that they had been issued.

15.     Because he had not yet received his third EIP, on August 29, 2024, Plaintiff timely filed his 2021 tax return claiming the third EIP as Recovery Rebate Credits pursuant to the EIP laws.

16.     Thereafter, Plaintiff diligently pursued recovering his missing EIPs through the IRS.

COMPLAINT – Page 3

17.     During this time, Plaintiff learned of the existence of the prepaid debit cards administered by the Defendants but did not learn of the transaction errors until June 25, 2025.

18.     On June 25, 2025, Defendants told Plaintiff via telephone, initiated by Plaintiff and his counsel, that on February 16, 2021, someone withdrew all the funds on his second EIP debit card, and that on April 2, 2021, someone withdrew all the funds on his third EIP debit card.

19.     On the same telephone call, Plaintiff immediately reported the unauthorized transfers after learning they had occurred.

20.     Plaintiff did not validate the debit cards.

21.     Plaintiff did not receive any disclosures of his rights and liabilities if the cards were validated.

22.     Plaintiff did not receive any explanation of the validation procedures.

23.     Plaintiff did not establish a personal identification number, authorize anyone to use the cards, or authorize anyone to withdraw the funds.

24.     The debit cards were validated and the funds depleted because the defendants did not verify the consumer's identity by a reasonable means. Defendants did not send Plaintiff any documentation regarding the transfers, including but not limited to, periodic statements or passbooks.

25.     By letter dated June 25, 2025, Defendants sent Plaintiff a letter acknowledging Plaintiff's verbal dispute with regard to the third EIP for $1400.

26.     Defendants did not send a letter acknowledging Plaintiff's verbal dispute with regard to the second EIP for $600 until August 7, 2025.

27.     On July 8, 2025 and again on August 5, 2025, Plaintiff sent written notice to Defendants via facsimile disputing the unauthorized transactions on both cards.

COMPLAINT – Page 4

28.     On July 14, 2025, Defendants sent a letter to Plaintiff stating that his claim had been denied due to the failure to report the transaction errors timely.

29.     On August 21, 2025, Defendants sent a second identical letter to Plaintiff.

30.     Defendants did not provisionally credit Plaintiff's Account or make a good faith investigation into the alleged errors.

31.     Defendants wrongfully held Plaintiff liable for the full amount of the unauthorized transactions.

32.     Defendants knowingly and willfully concluded Plaintiff's Account was not in error when such conclusion could not reasonably have been drawn from the evidence available.

## FIRST CLAIM FOR RELIEF

### (Violations of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq.*)

33.     Plaintiff re-alleges and incorporates by reference all of the allegations of this Complaint with the same force and effect as if fully restated herein.

### COUNT ONE--Unsolicited Card Issuance 15 U.S.C. § 1693i

34.     EFTA prohibits the unsolicited issuance of an electronic fund transfer card to a consumer that does not meet all of the EFTA's unsolicited access device criteria. 15 U.S.C. § 1693i.

35.     Money Network, Fiserv, and/or Pathward are financial institutions as defined by 15 U.S.C. § 1693a(9), because they directly hold accounts belonging to consumers.

36.     Money Network, Fiserv, and/or Pathward violated 15 U.S.C. § 1693i by issuing to Plaintiff unsolicited electronic transfer cards that do not meet all of the EFTA's unsolicited access device criteria.

COMPLAINT – Page 5

37.    Money Network, Fiserv, and/or Pathward's violations of the EFTA have caused and continue to cause Plaintiff damages in a minimum amount of $2000.00, with an exact amount to be determined at trial.

**COUNT TWO--Failure to Investigate and Resolve Unauthorized Transfers 15 U.S.C. § 1693f)**

38.    Plaintiff submitted verbal and written disputes to Money Network on June 25, July 7, and August 7, 2025.

39.    Money Network, Fiserv, and/or Pathward failed to investigate Plaintiff's complaint promptly, failed to determine whether an error had occurred, failed to correct errors on the account, and failed to provisionally recredit Plaintiff's account.

40.    Money Network, Fiserv, and/or Pathward's violations of the EFTA have caused and continue to cause Plaintiff damages in a minimum amount of $2000.00, with an exact amount to be determined at trial.

**<u>SECOND CLAIM FOR RELIEF</u>**

**(Violation of the Oregon Unlawful Trade Practices Act, Oregon Revised Statutes §§ 646.605 *et seq.*)**

41.    Plaintiff re-alleges and incorporates by reference all of the allegations of this Complaint with the same force and effect as if fully restated herein.

42.    The cards issued to Plaintiff were created and intended to transmit funds to him for personal, family, or household purposes.

43.    Defendants violated ORS 646.608(1) as follows:

   a. ORS 646.608(1)(k), by falsely representing that Plaintiff was liable for
      unauthorized electronic fund transfers despite knowing that Plaintiff had never

COMPLAINT – Page 6

received the cards, had never validated them, and reported the unauthorized transfers immediately upon learning of them;

b. ORS 646.608(1)(e), by falsely representing that they had investigated Plaintiff's dispute when they conducted no reasonable investigation.

44.    Defendants' violations of ORS 646.608(1) were willful.

45.    As a result of defendants' violations, plaintiff has suffered an ascertainable loss of money in the approximate amount of $2000, in an exact amount to be proven at trial.

46.    Defendants' conduct has shown a reckless and outrageous indifference to a highly unreasonable risk of harm, warranting an award of punitive damages in an amount to be determined by the jury.

## DEMAND FOR JURY TRIAL

36.    Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1.    $2000 in actual damages pursuant to 15 U.S.C. § 1693m and ORS 646.608(1).

2.    $1000 in statutory damages pursuant to 15 U.S.C. § 1693m.

3.    Treble damages pursuant to 15 U.S.C. § 1693m.

4.    Punitive damages in an amount to be determined by the jury under ORS 646.638(1).

5.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1693m and ORS 646.638(3).

6.    Such other relief, in law and equity, as this Court may deem just and proper.

COMPLAINT – Page 7

DATED: July 13, 2026    Respectfully submitted,

/s/Sarah Lora

_____

Sarah Lora OSB 042329
**LEWIS & CLARK LAW SCHOOL**
**LOW INCOME TAXPAYER CLINIC**
333 SW 5th Ave., Suite 400
Portland, OR 97204
Tel: 503-768-6500
Fax: 503-768-6540

Hope Del Carlo OSB 002410
**ELEMENTAL LAW LLC**
Hope Del Carlo, OSB 002410
hope@elemental.law
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

COMPLAINT – Page 8